**WYNNE LAW FIRM**
Edward J. Wynne (SBN 165819)
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

**ANTICOUNI & ASSOCIATES, APC**
Bruce N. Anticouni (SBN 050022)
Kristi D. Rothschild (SBN 222727)
23 E. De La Guerra Street
Santa Barbara, CA 93101
Telephone: 805-962-0467
Facsimile: 805-962-7501

Attorneys for Plaintiffs

FILED
SEP 20 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JCS

| | |
|---|---|
| MICHELLE MARINUS, an individual, CYNDI VANCE, an individual, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALTRIA GROUP DISTRIBUTION COMPANY, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. CV 11 4665 <br><br> COMPLAINT <br><br> [CLASS ACTION] <br><br> JURY TRIAL REQUESTED |

Plaintiffs MICHELLE MARINUS (hereinafter "MARINUS") and CYNDI VANCE ("VANCE"), collectively referred to hereafter as "Plaintiffs," on behalf of themselves and all others similarly situated, allege as follows:

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1

COMPLAINT [CLASS ACTION]

## INTRODUCTION

1. Plaintiffs bring this action as a state-wide class action on behalf of all current and former Territory Sales Managers ("TSM") within the State of California, who are or were employed by defendant ALTRIA GROUP DISTRIBUTION COMPANY and Does 1 through 10, inclusive ("Defendant") to recover overtime compensation, regular wages, unreimbursed business expenses, and other wages and penalties due pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business & Professions Code.

2. Plaintiffs are unaware of the names and capacities of all defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known to Plaintiffs. Upon information and belief, Plaintiffs allege that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

## SUMMARY OF CLAIMS

3. Plaintiffs bring this suit on behalf of a class defined as all current and former salaried TSMs who worked for Defendant at any time in California from four years prior to the time this action is filed to the time the action is certified as a class action, hereafter referred to as the "Class".

4. Plaintiffs allege on behalf of the Class that Defendant violated the California law by, *inter alia*: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty hours in any given workweek, and/or in excess of eight hours in a workday; (ii) failing to pay them overtime at the rate of two times the employee's regular rate for all hours worked in excess of twelve hours in any day or

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

2

COMPLAINT [CLASS ACTION]

for work in excess of eight hours on the seventh day of any workweek; (iii) failing to provide them with all of their required meal and rest breaks; (iv) failing to properly and timely pay all wages due and owing at time of termination; (v) impermissibly failing to reimburse for all business related expenses; and, (vi) failing to retain and provide accurate records of actual hours worked and wages earned by Plaintiffs and the Class.

5. As a result of Defendant's violations of the California law, Plaintiffs and the Class were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

6. Plaintiffs and the other similarly situated members of the Class with the title Territory Sales Manager were merchandisers primarily engaged in price checking, counting available product, arranging product, setting and cleaning displays, ordering new parts for displays, data entry and removing expired product.

7. Due to the nature of the job responsibilities and requirements of Defendant's TSMs, Plaintiffs and the members of the Class were required to work more than forty hours a week and/or more than eight hours per day during the course of their employment with Defendant.

8. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

9. The duties of TSMs are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

10. Pursuant to the Defendant's uniform employment policies, TSMs are paid principally on a salary basis, irrespective of the hours actually worked and are unlawfully classified as exempt from overtime compensation.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

COMPLAINT [CLASS ACTION]

11. Plaintiffs and members of the Class were not administratively exempt because they do not perform work directly related to the management policies or general business operations of Defendant or its customers.

12. Plaintiffs and members of the Classes were not exempt under the commissioned sales exemption because the Class is paid primarily on a salaried basis.

13. Plaintiffs and members of the Class were not exempt under the outside sales exemption because they were not primarily engaged in outside sales activities.

14. Plaintiffs and the Class do not qualify for the professional exemption because they are not employed in a *bona fide* professional capacity requiring a specific degree in a field of science or learning.

15. As such, TSMs, including Plaintiffs and members of the Class, were wrongfully classified by Defendant, and were not exempt from the requirement of premium pay.

16. In violation of California law, Plaintiffs and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week and/or over 8 hours in a day.

17. Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

18. Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

19. The Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiffs' state law wage and hour claims.

COMPLAINT [CLASS ACTION]

20. The amount in controversy exceeds $5,000,000.00.

21. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

22. MARINUS is a resident of the State of California and was employed by Defendant as a salaried Territory Sales Manager during the statutory time period covered by this Complaint, who Defendant failed to compensate for all hours worked, including those over forty hours per week and/or over 8 hours per day.

23. MARINUS was a TSM who performed merchandising work on behalf of Defendant in the State of California, including but not limited to merchandising work in California, including Santa Barbara County.

24. VANCE is a resident of the State of California and was employed by Defendant as a salaried Territory Sales Manager during the statutory time period covered by this Complaint, who Defendant failed to compensate for all hours worked, including those over forty hours per week and/or over 8 hours per day.

25. VANCE was a TSM who performed merchandising work on behalf of Defendant in the State of California, including but not limited to merchandising work in Monterey County, in this judicial district, and in Santa Barbara County.

26. ALTRIA GROUP DISTRIBUTION COMPANY (AGDC), formerly known as Altria Sales & Distribution, Inc., is a wholly-owned subsidiary of Altria, Inc. that provides sales, distribution and consumer engagement services to Altria Inc.'s tobacco companies. At all relevant times during the applicable class period, Defendant has operated and is registered to engage in business within this district and the state, conducting business at those locations.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

5

COMPLAINT [CLASS ACTION]

Defendant employed, upon information and belief, hundreds of TSMs in the State of California at any one time during the relevant statute of limitations period.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of a Class under California law.

28. The claims under California law may be pursued by all similarly-situated persons who choose not to opt-out of the Class pursuant to Federal Rule of Civil Procedure 23.

29. The members of the classes are so numerous that joinder of all members is impracticable. The exact number of the members of the classes can be determined by reviewing Defendant's records. Plaintiffs are informed and believe and thereon allege that there are hundreds of individuals covered by this action.

30. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel that are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Class.

31. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

32. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of applicable California law.

33. Even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

6

COMPLAINT [CLASS ACTION]

in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

34. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether TSMs are properly classified as exempt by Defendant from overtime compensation.

    b. Whether Plaintiffs and members of the Class were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty per week and/or in excess of eight hours per day.

    c. Whether Plaintiffs and members of the Class were expected to, and/or did as a matter of corporate policy and practice, regularly incur necessary business expenses on behalf of Defendant that they were not reimbursed for.

    d. The manner in which Plaintiffs and members of the Class were compensated.

    e. The amounts and types of wage deductions Plaintiffs and members of the Class were subject to.

    f. Whether Plaintiffs and the Class have sustained damages and, if so, what the proper measure of damages is.

35. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) of on behalf of themselves and the following persons similarly situated:

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

7

COMPLAINT [CLASS ACTION]

> All current and former salaried Territory Sales Managers who worked for Defendant at any time in California from four years prior to the time this action is filed to the time the action is certified as a class action.

36. In addition to the common issues of fact described above, the Class Members have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and California Labor Code §§ 510 and 515; (ii) committed an act of unfair competition under Business & Professions Code § 17200 *et seq.*, by not paying the required overtime pay as required by applicable law; (iii) failed to provide all required meal and rest breaks in violation of California Labor Code § 226.7; (iv) failed to maintain and provide members of the Class with accurate and detailed records of hours worked and wages earned, pursuant to California Labor Code § 226 and 1174; (v) improperly failed to reimburse Class members for business related expenses in violation of California Labor Code § 2802; and (vi) damaged members of the Class, and if so, the extent of the damages.

## COUNT ONE

37. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

38. California Wage Order 4-2001 ("IWC Wage Order 4"), 8 C.C.R. § 11040 and Labor Code § 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

39. California Labor Code § 510(a) further states that any work in excess of twelve (12) in one day or in excess of eight (8) hours on the seventh day in one workweek shall be compensated at a rate of no less than twice the employee's regular rate of pay.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

8

COMPLAINT [CLASS ACTION]

40. Plaintiffs and members of the Class regularly worked more than 40 hours per week, and/or 8 hours per day, and received no premium pay for these hours.

41. During the statutory time period covered by this action, Plaintiffs and members of the Class did not meet the tests for exempt status under the California Wage Orders and California Labor Code.

42. Defendant has committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required state law overtime pay to the members of the California class.

43. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring Defendant to make restitution of all state law overtime wages due to the Class in an amount to be proved at trial.

## COUNT TWO

44. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

45. Pursuant to California Labor Code § 1194, Plaintiffs and members of the Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT THREE

46. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

47. Labor Code § 2802, as well as applicable case law, states that an employer shall reimburse its employees for all business related expenses reasonably incurred by the employee in the furtherance of his/her duties and responsibilities.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

48. Defendant, pursuant to its Company-wide policy, illegally required members of the Class to incur business related expenses in order to carry out their duties and responsibilities yet did not reimburse its employees for such expenses which were incurred at the employee's expense for the benefit of Defendant.

49. Defendant has committed an act of unfair competition by illegally failing to reimburse business related expenses to members of the Class.

50. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request Defendant make restitution of all unpaid expenses due to the Class in an amount to be proven at trial.

## COUNT FOUR

51. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

52. Defendant willfully and intentionally failed to pay Plaintiffs and the other members of the Class, who are no longer employed by Defendant, all the wages they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon cessation of the class members' employment with Defendant. Plaintiffs and the other members of the Class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Plaintiffs and members of the Class no longer employed by Defendant are entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT FIVE

53. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

54. In violation of Labor Code § 512 and IWC Wage Order 4, Defendant failed to provide and document meal and rest period breaks in the number, length and manner as

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

10

COMPLAINT [CLASS ACTION]

required. At no time has Plaintiffs and the Class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the Class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4 and are thus entitled to the wages set forth in Labor Code § 226.7.

55. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request Defendant make restitution of all wages due to the Class under this Count, in an amount to be proven at trial.

## COUNT SIX

56. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57. Due to Defendant's illegal classification of Plaintiffs and members of the Class as exempt when they were non-exempt, Defendant knowingly and intentionally failed to provide Plaintiffs and members of the Class with accurate and detailed records of hours worked and wages earned required by Labor Code § 226(a).

58. Therefore, Plaintiffs, on behalf of the Class, request all such relief that this Court deems appropriate pursuant to Labor Code § 226(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

A. A Declaration that Defendant has violated California labor and employment laws;

B. An Order designating the Class as a class action pursuant to Federal Rule of Civil Procedure 23;

C. An Order appointing Plaintiffs and their counsel to represent the Class;

D. An Order enjoining Defendant from any further violations of California law related thereto;

E.    For compensatory damages and all other statutory remedies permitted;

F.    Prejudgment interest;

G.    An Order awarding attorneys' fees and costs;

H.    An Order for equitable restitution of all wages improperly withheld, deducted or not reimbursed by Defendant; and,

I.    For all other relief as the Court deems just.

September 19, 2011

**WYNNE LAW FIRM**

By: _____
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiff*

September 19, 2011

**ANTICOUNI & ASSOCIATES APC**

By: _____
Kristi D. Rothschild
23 E. De La Guerra Street
Santa Barbara, CA 93101
Telephone: 805-962-0467
Facsimile: 805-962-7501
*Counsel for Plaintiffs*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

September 19, 2011

                                **WYNNE LAW FIRM**

By: _____
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiffs*

September 19, 2011

                            **ANTICOUNI & ASSOCIATES APC**

By: _____
Kristi D. Rothschild
23 E. De La Guerra Street
Santa Barbara, CA 93101
Telephone: 805-962-0467
Facsimile: 805-962-7501
*Counsel for Plaintiffs*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

13

COMPLAINT [CLASS ACTION]